UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  
Plaintiff,

CASE NO.: 1:21-cr-20442  
JUDGE: PAUL C. HUCK

v.

JORGE NOBREGA,  
Defendant.  
_____/

### DEFENDANT, JORGE NOBREGA'S AGREED MOTION TO CONTINUE

COMES NOW, the Defendant, Jorge Nobrega, by and through undersigned counsel, respectfully requests that this Court to continue the previously scheduled Trial date for the following reasons:

### INTRODUCTION

1. On August 15, 2021, Defendant was arrested pursuant to a Criminal Complaint charging him with violations of 50 U.S.C. §1705 Conspiracy to Violate IEEPA, 18 U.S.C. §1956(h) Conspiracy to Commit Money Laundering, and 18 U.S.C. §1956(a)(2)(A) Money Laundering.

2. On August 21, 2021, a federal grand jury sitting in Miami returned an Indictment, charging the defendant with Conspiracy to Violate IEEPA, Conspiracy to Commit Money Laundering, and Laundering of Money Instruments.

3. The Indictment alleges that Defendant conspired to violate the IEEPA by arranging for his company, Achabal Technologies, to receive funds from Venezuelan state-owned oil company, Pétroleos De Venezuela, S.A. ("PDVSA"), for providing and continuing to provide

1

a service to the Venezuelan military. The Indictment further alleges that Defendant conspired to launder money and laundered money on the basis of fund transfers in U.S. currency from a bank account in Portugal to a bank account located in the U.S.

4. On September 17, 2021, the Defendant was arraigned.

5. On September 24, 2021, the Court set this criminal case for trial during the two-week period beginning October 25, 2021.

## BASIS FOR CONTINUANCE

6. Defendant requests a continuance to the trial in this case because the facts underlying the Indictment are complex and will involve extensive pretrial preparation and discovery. Undersigned counsel received discovery on October 7, 2021, and is still going through all of it. The discovery is 48 GB, not including the response to the government's MLAT request.

7. The facts underlying the Indictment involve extensive geographical diversity. The charges involve action in Venezuela, Portugal and the U.S. Achabal Technologies, Inc. is a Florida corporation. Defendant is a U.S. citizen, and he has a bank account in Portugal. PDVSA was the Venezuelan state-owned oil company and Bariven, S.A. operated as a subsidiary of PDVSA. Tipco Asphalt Public Company ("Tipco") was a Thai company. Liquip was an Australian-based company.

8. In addition, English is not the primarily spoken language in either Venezuela or Portugal. Thus, the majority of witnesses and documents needed are not in English. Most, if not all, of the extensive discovery, will need to be translated into English.

9. The primary witnesses are located in Venezuela. Currently, there is no travel allowed into Venezuela. As such, the procurement of witness testimony and documents will be extremely challenging to obtain, but necessary.

10. Currently, the government has outstanding discovery requests pending via the Multi Legal Assistance Treaty (MLAT) for banking records from Portugal. The Office of International Affairs (OIA) expects a response on June 8, 2022. Both sides find it necessary to have these banking documents. Under the basis of the Speedy Trial Act this is deemed to be excusable.

11. Under the Speedy Trial Act under Title 18, United States Code, Section 3161(h)(8), any period of time up to one year is excludable upon a Court's finding that: (1) an official request, as defined in Section 3292, has been made for evidence located in a foreign country; and (2) it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

12. Further, Defendant is being held with no bond. Currently, the Federal Detention Center of Miami (FDC) only allows undersigned counsel to enter the facility for a maximum of two hours per day due to COVID-19 restrictions. In addition, the visit is not private, as other inmates and attorneys are within a few feet of the desk where Defendant and undersigned counsel are attempting to have a conversation behind a plastic barrier. Defendant and undersigned counsel have needed to discontinue discussions on multiple occasions, as Defendant became afraid that the sensitive information being shared was going to be overheard by fellow inmates. Defendant and undersigned counsel have had to time their discussions to wait for moments when the visiting room has cleared a bit to allow for a more secure environment to have sensitive attorney/client communications.

## **CONCLUSION**

13. Due to the unusual and complex nature of the case, the Defendant respectfully requests an additional eight months to prepare for trial. Failure to continue trial would

significantly jeopardize the defendant's ability to defend himself against the pending charges.

14. The United States joins in our request that trial be continued from October 25, 2021, to at least June of 2022.

**WHEREFORE,** and for the foregoing reasons, the Defendant, Jorge Luis Nobrega Rodríguez, respectfully requests that this Court grant his Motion to Continue.

DATED this 8th of October 2021.   Respectfully Submitted,

/s/ David W. Macey
David Macey, Esq.
Florida Bar No.: 185612
San Lorenzo Avenue, PH-830 Coral Gables, FL 33146
Telephone: (305) 860-2562
Fax: (305) 675-5841 Email:
dm@davidmacey.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via the electronic filing system and a copy was furnished to the potential claimants at their last knownaddress on this 8th day of October 2021.

/s/ David W. Macey
David. W. Macey, Esq.
Florida Bar No.: 185612