UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20442-HUCK

UNITED STATES OF AMERICA

vs.

JORGE LUIS NOBREGA RODRIGUEZ,

Defendant.
_____/

## FACTUAL PROFFER

The United States Attorney's Office for the Southern District of Florida and JORGE LUIS NOBREGA RODRIGUEZ ("NOBREGA") agree that had this case gone to trial that the United States would have proven beyond a reasonable doubt that NOBREGA is guilty of conspiring to violate the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701-1706, 31 C.F.R. §§ 591.201, and Executive Orders 13692 and 13850, in violation of Title 18, United States Code, Section 371.

On March 8, 2015, the President issued Executive Order 13692, which declared that the situation in Venezuela, including certain actions and policies of the Government of Venezuela, constituted an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States and declared a national emergency under IEEPA to deal with that threat. 80 Fed. Reg. 12747 (March 8, 2015). In multiple subsequent Executive Orders in 2017, 2018, and 2019, the President continued and amplified the original declaration of a national emergency. *See* Exec. Order No. 13808, 82 Fed. Reg. 41155 (Aug. 24, 2017); Exec. Order No. 13827 83 Fed. Reg. 12469 (March 19, 2018); Exec. Order No. 13835, 83 Fed. Reg. 24001 (May

21, 2018); Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018); Exec. Order No. 13857, 84 Fed. Reg. 509 (Jan. 25, 2019); and Exec. Order No. 13884, 84 Fed. Reg. 38843 (Aug. 5, 2019). Since 2019, the President has continued the national emergency with respect to Venezuela and the prior Executive Orders. Among other things, these Executive Orders block the property, and interests in property, of the Government of Venezuela as well as that of certain individuals designated by the Secretary of the Treasury. Collectively, individuals and companies that have been designated and whose assets have been blocked are called "Specially Designated Nationals" or "SDNs."

To implement the national emergency with respect to Venezuela, the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") issued the Venezuela Sanctions Regulations ("VSR"). *See* 31 C.F.R. part 591. The VSR generally prohibits transactions involving any property or interest in property blocked pursuant to Executive Order 13,692 or any of its successor Executive Orders, unless OFAC has granted a license under the VSR. *See* 31 C.F.R. §§ 591.101, 591.201-591.202. These provisions of the VSR were in effect at all times relevant to this prosecution.

On January 28, 2019, OFAC designated Venezuela's state-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA") an SDN pursuant to Executive Order ("E.O.") 13850.

ACHABAL TECHNOLOGIES, INC. ("ACHABAL") is located in Miami, Florida, and is an active Florida Profit Corporation. During all relevant times described below, NOBREGA was the Chief Executive Officer of ACHABAL, as reported in company registry records held by the State of Florida. ACHABAL TECNOLOGIA S.A. is the Venezuelan branch of ACHABAL and, during all relevant times described below, was also controlled by NOBREGA.

2

Beginning in or around January 2019, NOBREGA and his co-conspirators arranged for NOBREGA, through his company ACHABAL and ACHABAL TECNOLOGIA S.A., to receive funds from PDVSA for past services that ACHABAL TECNOLOGIA S.A. provided to PDVSA prior to any sanctions. In order to receive the funds that were earned prior to any sanctions being imposed, PDVSA conditioned these payments upon NOBREGA providing a new service to the Venezuelan military. After NOBREGA performed this service for the Venezuelan military, ACHABAL and ACHABAL TECNOLOGIA S.A., received the previously earned funds from PDVSA through a third-party, TIPCO ASPHALT PUBLIC COMPANY ("TIPCO" a/k/a "TASCO"). TIPCO is a Thai company that manufactures and distributes asphalt products in the Asia Pacific region and has an asphalt refinery in Malaysia.

PDVSA was able to pay NOBREGA, through ACHABAL and ACHABAL TECNOLOGIA S.A., for: (i) past services provided to PDVSA and (ii) for providing the new service to the Venezuelan military, because PDVSA had control of funds outside of Venezuela. At the direction of his co-conspirators, NOBREGA opened and maintained a foreign bank account in the name of his company, ACHABAL, in order to receive the funds from PDVSA.

As part of the conspiracy, NOBREGA provided the foreign bank with documentation to justify the receipt of funds from PDVSA through TIPCO, which documents concealed the fact that the funds were, in fact, from PDVSA. NOBREGA then transferred the PDVSA funds held in his foreign bank account in the name of his company ACHABAL to his U.S.-based bank account in the Southern District of Florida and to a U.S. financial services corporation.

Specifically, on or about February 28, 2019, NOBREGA, as President of ACHABAL, signed a document in which NOBREGA certified that "ACHABAL TECHNOLOGIES hereby acknowledges that PDVSA has been designated as a Specially Designated National (SDN) by the

3

U.S. Office of Foreign Assets Control and due to this designation U.S. person [sic] are prohibited from engaging in transactions with PDVSA absent a general or specific license from OFAC authorizing the activity."

From on or about March 4, 2019, through on or about July 31, 2019, TIPCO transferred approximately €2,474,269.53 into ACHABAL's Portugal bank account. During that same time period, NOBREGA transferred approximately €1,156,897 from ACHABAL's Portugal bank account to an ACHABAL U.S. bank account in the Southern District of Florida. From on or about April 23, 2019, to on or about November 24, 2020, NOBREGA transferred a total of approximately €906,638.60 to a U.S. financial services corporation from ACHABAL's Portuguese bank account.

On or about March 5, 2020, NOBREGA, through ACHABAL's Portuguese business bank account, received a payment from TIPCO, on behalf of PDVSA, totaling approximately €764,792.64.

On or about March 9, 2020, NOBREGA signed a letter made out to the Portuguese business bank where ACHABAL had its bank account a letter, which stated, in part, that ACHABAL "acknowledges that PDVSA has been designated as a Specially Designated National (SDN) by the U.S. Office of Foreign Assets Control and due to this designation U.S. persons are prohibited from engaging in transactions with PDVSA absent a general or specific license from OFAC authorizing the activity."

On or about March 19, 2020, NOBREGA transferred approximately €176,340.70, which he had received from TIPCO in ACHABAL's Portuguese bank account, to ACHABAL's U.S. bank account in the Southern District of Florida.

A records check with OFAC revealed that none of NORBREGA, ACHABAL or ACHABAL TECNOLOGIA S.A. had ever submitted an application to OFAC for an OFAC

4

license, and none of them had ever received an OFAC license. During the course of the conspiracy, NOBREGA knew that OFAC had designated PDVSA as an SDN and as such, he could not receive funds from PDVSA, even if through a third-party.

As a result of this offense, NOBREGA was paid by PDVSA the equivalent of $3,743,337.93 in U.S. currency.

The facts described above are not intended to be a complete recitation of the facts of this case and merely are intended to form a basis for the undersigned Defendant's knowing, willful, and intentional plea of guilty.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 3-7-2022         By: _____
                           KURT K. LUNKENHEIMER
                           ASSISTANT UNITED STATES ATTORNEY

Date: 3-7-22           By: _____
                           DAVID W. MACEY, ESQ.
                           ATTORNEY FOR JORGE LUIS NOBREGA
                           RODRIGUEZ

Date: 3-7-2022         By: _____
                           JORGE LUIS NOBREGA RODRIGUEZ
                           DEFENDANT

5