**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-CR-20442-PCH/Becerra**

UNITED STATES OF AMERICA,

vs.

JORGE LUIS NOBREGA RODRIGUEZ,

        Defendant.
                                              /

**PRELIMINARY ORDER OF FORFEITURE**

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Jorge Luis Nobrega Rodriguez (the "Defendant"). [ECF No. 36]. The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 26, 2021, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"),[1] in violation of 18 U.S.C. § 371, which conspiracy was to violate 50 U.S.C. § 1705(a), 31 C.F.R. §§ 591.201, and Executive Orders ("EOs") 13692 and 13850, in Count 2 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and in Counts 3-7 with laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(2)(B)(i). Indictment, ECF No. 9. The Indictment also contained forfeiture allegations, which alleged, *inter alia*, that upon conviction of a conspiracy to violate 50 U.S.C. § 1705(a), the Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to a conspiracy to violate IEEPA. *Id.* at 11-12. The Indictment alleged that the property subject to forfeiture as a result of

---

[1] Codified at Title 50, United States Code, Sections 1701-1706.

the alleged offense includes, but is not limited to a forfeiture money judgment in the amount of $3,783,337.93 in U.S. currency.  *See id.* at 12.

The United States has since identified the following additional assets subject to forfeiture:

    i.    real property located at 4696 N.W. 74 Ave., Unit 7, Miami, Florida 33166;

    ii.    real property located at 5077 N.W. 7 St., Unit 1502, Miami, Florida 33126;

    iii.    real property located at 5085 N.W. 7 St., Unit 906, Miami, Florida 33126; and

    iv.    real property located at 4543 Saddleworth Cir., Orlando, Florida 32826.

*See* Bills of Particulars, ECF Nos. 11, 24.

On March 9, 2022, the Court adopted U.S. Magistrate Judge Jacqueline Becerra's report and recommendation and accepted the Defendant's guilty plea to Count 1 of the Indictment.  *See* Order, ECF No. 34; Plea Agreement ¶ 1, ECF No. 31.  As part of the guilty plea, the Defendant agreed to the forfeiture of real property located at 4696 N.W. 74 Ave., Unit 7, Miami, Florida 33166;  real property located at 5077 N.W. 7 St., Unit 1502, Miami, Florida 33126;  real property located at 5085 N.W. 7 St., Unit 906, Miami, Florida 33126; and real property located at 4543 Saddleworth Cir., Orlando, Florida 32826, and a forfeiture money judgment in the amount of $3,743,337.93.  Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 13.    The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, a conspiracy to violate 50 U.S.C. § 1705(a) and (c), pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:
>
>     a. forfeiture money judgment in the sum of at least $3,743,337.93 in U.S. currency, which sum represents the value of the property subject to forfeiture; and;

      b. substitute property, including, but not limited to:

          i. real property located at 4696 N.W. 74 Ave., Unit 7, Miami, Florida 33166;

          ii. real property located at 5077 N.W. 7 St., Unit 1502, Miami, Florida 33126;

          iii. real property located at 5085 N.W. 7 St., Unit 906, Miami, Florida 33126; and

          iv. real property located at 4543 Saddleworth Cir., Orlando, Florida 32826.

Plea Agreement ¶ 13.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 32.

Subsequently, Defendant offered for the Government to forfeit, as an additional substitute asset, an aircraft in which he held an interest, a 1997 Hawker Siddeley 125 Series 700A, Serial number NA0212, Registration number N118CD.

On March 8, 2015, the President issued Executive Order 13692, which declared that the situation in Venezuela, including certain actions and policies of the Government of Venezuela, constituted an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States and declared a national emergency under IEEPA to deal with that threat. 80 Fed. Reg. 12747 (March 8, 2015). In multiple subsequent Executive Orders in 2017, 2018, and 2019, the President continued and amplified the original declaration of a national emergency. *See* Exec. Order No. 13808, 82 Fed. Reg. 41155 (Aug. 24, 2017); Exec. Order No. 13827 83 Fed. Reg. 12469 (March 19, 2018); Exec. Order No. 13835, 83 Fed. Reg. 24001 (May 21, 2018); Exec. Order No. 13850, 83 Fed. Reg. 55243 (Nov. 1, 2018); Exec. Order No. 13857, 84 Fed. Reg. 509 (Jan. 25, 2019); and Exec. Order No. 13884, 84 Fed. Reg. 38843 (Aug. 5, 2019).

Since 2019, the President has continued the national emergency with respect to Venezuela and the prior Executive Orders. Among other things, these Executive Orders block the property, and interests in property, of the Government of Venezuela as well as that of certain individuals designated by the Secretary of the Treasury. Collectively, individuals and companies that have been designated and whose assets have been blocked are called "Specially Designated Nationals" or "SDNs."

To implement the national emergency with respect to Venezuela, the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") issued the Venezuela Sanctions Regulations ("VSR"). *See* 31 C.F.R. part 591. The VSR generally prohibit transactions involving any property or interest in property blocked pursuant to Executive Order 13,692 or any of its successor Executive Orders, unless OFAC has granted a license under the VSR. *See* 31 C.F.R. §§ 591.101, 591.201-591.202. These provisions of the VSR were in effect at all times relevant to this prosecution.

On January 28, 2019, OFAC designated Venezuela's state-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA") an SDN pursuant to Executive Order ("E.O.") 13850.

Achabal Technologies, Inc. ("ACHABAL") is located in Miami, Florida, and is an active Florida Profit Corporation. During all relevant times described below, Defendant was the Chief Executive Officer of ACHABAL, as reported in company registry records held by the State of Florida. Achabal Tecnologia S.A. ("ACHABAL TECNOLOGIA") is the Venezuelan branch of ACHABAL and, during all relevant times described below, also was controlled by Defendant.

Beginning in or around January 2019, Defendant and his co-conspirators arranged for Defendant, through his company ACHABAL and ACHABAL TECNOLOGIA, to receive funds from PDVSA for past services provided to PDVSA and, in part, providing and continuing to

4

provide a service to the Venezuelan military. Defendant, through his companies ACHABAL and ACHABAL TECNOLOGIA, received the funds from PDVSA through a third-party, TIPCO Asphalt Public Company ("TIPCO" a/k/a "TASCO"). TIPCO is a Thai company that manufactures and distributes asphalt products in the Asia Pacific region and has an asphalt refinery in Malaysia.

PDVSA paid Defendant, through ACHABAL and ACHABAL TECNOLOGIA, for: (i) past services provided to PDVSA and (ii) for providing a service to the Venezuelan military, because PDVSA had control of funds outside of Venezuela. At the direction of his co-conspirators, Defendant opened and maintained a foreign bank account in the name of his company, ACHABAL, in order to receive the funds from PDVSA.

As part of the conspiracy, Defendant provided the foreign bank with documentation to justify the receipt of funds from PDVSA through TIPCO, which documents concealed the fact that the funds were, in fact, from PDVSA. Defendant then transferred the PDVSA funds held in his foreign bank account in the name of his company ACHABAL to his U.S.-based bank account in the Southern District of Florida and to a U.S. financial services corporation.

Specifically, on or about February 28, 2019, Defendant, as President of ACHABAL, signed a document in which Defendant certified that "ACHABAL TECHNOLOGIES hereby acknowledges that PDVSA has been designated as a Specially Designated National (SDN) by the U.S. Office of Foreign Assets Control and due to this designation U.S. person [*sic*] are prohibited from engaging in transactions with PDVSA absent a general or specific license from OFAC authorizing the activity."

On or about March 4, 2019, Defendant, through ACHABAL's Portuguese business bank account, received a wire transfer payment from TIPCO, on behalf of PDVSA, in the amount of

5

approximately €1,964,890.83.

On or about March 4, 2019, Defendant, through ACHABAL's Portuguese business bank account, received a second wire transfer payment from TIPCO, on behalf of PDVSA, in the amount of approximately €509,378.70.

From on or about March 4, 2019, through on or about July 31, 2019, Defendant transferred a total of approximately €1,156,897 from ACHABAL's Portuguese bank account to ACHABAL's U.S. bank account in the Southern District of Florida.

From on or about April 23, 2019, to on or about November 24, 2020, Defendant transferred a total of approximately €906,638.60 to a U.S. financial services corporation from ACHABAL's Portuguese bank account.

From on or about March 4, 2019, through on or about July 31, 2019, TIPCO transferred approximately €2,474,269.53 into ACHABAL's Portugal bank account. During that same time period, Defendant transferred approximately €1,156,897 from ACHABAL's Portugal bank account to an ACHABAL U.S. bank account in the Southern District of Florida.

On or about March 5, 2020, Defendant, through ACHABAL's Portuguese business bank account, received a payment from TIPCO, on behalf of PDVSA, totaling approximately €764,792.64.

On or about March 9, 2020, Defendant provided the Portuguese business bank where ACHABAL had its bank account a letter, which stated, in part, that ACHABAL "acknowledges that PDVSA has been designated as a Specially Designated National (SDN) by the U.S. Office of Foreign Assets Control and due to this designation U.S. persons are prohibited from engaging in transactions with PDVSA absent a general or specific license from OFAC authorizing the activity."

6

On or about March 19, 2020, Defendant transferred approximately €176,340.70, which he had received from TIPCO in ACHABAL's Portuguese bank account, to ACHABAL's U.S. bank account in the Southern District of Florida.

A records check with OFAC revealed that none of Defendant, ACHABAL or ACHABAL TECNOLOGIA had ever submitted an application to OFAC for an OFAC license, and none of them had ever received an OFAC license. During the course of the conspiracy, Defendant knew that OFAC had designated PDVSA as an SDN and as such, he could not receive funds from PDVSA, even if through a third-party.

As a result of this offense, Defendant was paid by PDVSA the equivalent of $3,783,337.93 in U.S. currency.

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $3,783,337.93, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

The United States has also not been able to locate all of the directly forfeitable property.  It is the conclusion of Special Agent Amy Parker that other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See* Parker Decl. (attached as Exhibit 1 to Motion).  Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment:

      i.    Real property located at 4696 N.W. 74th Avenue, Unit 7, Miami, Florida 33166, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

Also known as: Unit 7, Building 2, Big Ben Commerce Center Condominium, a Condominium, all as set forth in the Declaration of Condominium and the Exhibit attached thereto and forming a part thereof, as recorded in Official Records Book 19561, Page 4562, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium,

Folio No. 30-3023-042-0150;

ii. Real property located at 5077 NW 7th Street, Unit 1502, Miami, Florida 33126-3476, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

Also known as: Unit 1502, Building 4, Blue Lagoon, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 23710, Page 3703, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium,

Folio No. 01-3131-032-4110;

iii. Real property located at 5085 N.W. 7th Street, Unit 906, Miami, Florida 33126-3476, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

Also known as: Unit 906, Building 3, Blue Lagoon, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 23710, Page 3703, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but is not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium.,

Folio No. 01-3131-032-3730;

iv. Real property located at 4543 Saddleworth Circle, Orlando, Florida 32826, including all buildings, fixtures, appurtenances, improvements, attachments, and easements found therein or thereon,

Also known as: Lot 315, UNIVERSITY ESTATES, UNIT 2, according to the Plat thereof on file in the Office of the Comptroller in and for Orange County, Florida, recorded in Plat Book 26, Page 30 through 32, of the Public Records

    of Orange County, Florida; said lands situate, lying and being in Orange County, Florida,

    Parcel Identification No. 01-22-31-8845-03150; and

  v. a 1997 Hawker Siddeley 125 Series 700A, Serial number NA0212, Registration number N118CD.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $3,783,337.93 is hereby entered against the Defendant.

2. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

  i. Real property located at 4696 N.W. 74th Avenue, Unit 7, Miami, Florida 33166, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Unit 7, Building 2, Big Ben Commerce Center Condominium, a Condominium, all as set forth in the Declaration of Condominium and the Exhibit attached thereto and forming a part thereof, as recorded in Official Records Book 19561, Page 4562, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium,

    Folio No. 30-3023-042-0150;

  ii. Real property located at 5077 NW 7th Street, Unit 1502, Miami, Florida 33126-3476, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Unit 1502, Building 4, Blue Lagoon, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 23710, Page 3703, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but not limited to, all appurtenances to

>   the condominium unit above described, including the undivided interest in the common elements of said condominium,
>
>   Folio No. 01-3131-032-4110;
>
> iii. Real property located at 5085 N.W. 7th Street, Unit 906, Miami, Florida 33126-3476, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,
>
>   Also known as: Unit 906, Building 3, Blue Lagoon, a Condominium, all as set forth in the Declaration of Condominium and the Exhibits attached thereto and forming a part thereof, as recorded in Official Records Book 23710, Page 3703, and all amendments thereto, of the Public Records of Miami-Dade County, Florida. The above description includes, but is not limited to, all appurtenances to the condominium unit above described, including the undivided interest in the common elements of said condominium.,
>
>   Folio No.  01-3131-032-3730;
>
> iv. Real property located at 4543 Saddleworth Circle, Orlando, Florida 32826, including all buildings, fixtures, appurtenances, improvements, attachments, and easements found therein or thereon,
>
>   Also known as: Lot 315, UNIVERSITY ESTATES, UNIT 2, according to the Plat thereof on file in the Office of the Comptroller in and for Orange County, Florida, recorded in Plat Book 26, Page 30 through 32, of the Public Records of Orange County, Florida; said lands situate, lying and being in Orange County, Florida,
>
>   Parcel Identification No. 01-22-31-8845-03150; and
>
> v. a 1997 Hawker Siddeley 125 Series 700A, Serial number NA0212, Registration number N118CD.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7.    The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, on April 29, 2022.

_____
HON. PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies Furnished to:
All Counsel of Record