UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**          CASE NO.: 1:21-CR-20442
                                       JUDGE: PAUL C. HUCK
    **Plaintiff,**

vs.

**JORGE LUIS NOBREGA RODRIGUEZ,**

    **Defendant,**
_____/

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The defendant, Jorge Luis Nobrega Rodriguez, by and through his undersigned counsel, pursuant to Federal Rule of Criminal Procedure 32(f), United States Sentencing Guideline § 6A1.2, the Fifth Amendment to the United States Constitution, and Administrative Order 95-02 and Local Rule 88.9, respectfully submits this objection to the Presentence Investigation Report ("PSR"), and, in support, states as follows:

### INTRODUCTION

As a result of § 5G1.1(c)(1), Mr. Nobrega's PSR provides an *advisory* guideline range of 57 to 60 months, adjusted from a high of 71 months.[1] However, this guideline range mostly nullifies the benefit that a defendant would normally receive under § 3E1.1 for the expeditious and unequivocal acceptance of responsibility that Mr. Nobrega displayed by pleading guilty and

---

[1] PSR, ¶ 130

1

signing a plea agreement within just six (6) months of his arrest in this case. In this situation, the Eleventh Circuit has recognized that courts have the discretion to apply the Guidelines' acceptance of responsibility adjustment against the maximum statutory sentence by departing downward from the maximum sentence's Guideline equivalent. *United States v. Rodriguez*, 64 F. 3d. 638 (11th Cir. 1995). Accordingly, Mr. Nobrega objects to the PSR for omitting reference to this pertinent basis of sentencing discretion and respectfully seeks a downward departure and/or variance.[2]

## BACKGROUND

Mr. Nobrega was charged with a conspiracy to violate the International Emergency Economic Powers Act, in violation of 50 USC §§ 1701-1706 and 18 USC § 371, which carries a maximum term of imprisonment of 5 years or 60 months. On March 8, 2022, Mr. Nobrega accepted full and unfettered responsibility for his conduct by pleading guilty pursuant to a written plea agreement. In the plea agreement, the parties agreed to jointly recommend application of § 3E1.1, a 3-level downward adjustment for acceptance of responsibility, as set forth in paragraph 7.

On April 28, 2022, the U.S. Probation Office disclosed the PSR to the parties. As reflected in the PSR, the total offense level is 28, yielding a guideline range of 78 to 97 months. After the 3-level adjustment for acceptance of responsibility, the total offense level is 25 and the *advisory* guideline range for this offense level is 57 to 60 months. This is equivalent to the maximum possible sentence that Mr. Nobrega could face for the indicted offense. This effectively renders the intent of the parties, pursuant to paragraph 7 of the written Plea Agreement, to afford Mr. Nobrega a 3-level reduction meaningless. As such, Mr. Nobrega is asking this Court to apply §

---

[2] As set forth in § 1B1.1, Background, or the factors under 18 USC § 3553(a), Mr. Nobrega will also be filing variance motions on separate grounds. Such motions will be filed incorporated as part of a Sentencing Memorandum provided to the Court in advance of the sentencing hearing.

3E1.1 in a manner such that it produces the intended effect of a full 3-level reduction.

## ARGUMENT

**A. The Court May Reduce A Guideline Statutory Maximum Sentence If Such Sentence Nullifies The § 3E1.1 Adjustment.**

The Eleventh Circuit has held that this Court "has discretion to reward a defendant's acceptance of responsibility by departing [and/or varying][3] downward when § 5G1.1(a) renders § 3E1.1 ineffectual in reducing the defendant's actual sentence." *Rodriguez* at 643. The defendant Rodriguez pled guilty to two counts of using a communications facility during a drug felony. *Id.* at 640. His total offense level was 33 after receiving a three-level reduction under § 3E1.1, which resulted in a sentencing level above the statutory maximum. As a result of § 5G1.1(a), the recommended sentence was the statutory maximum. At sentencing, Rodriguez objected to the sentence arguing "That, to ensure his acceptance of responsibility was reflected in his actual sentence, the district court should apply the three-level adjustment from the baseline of the statutory maximum rather than from the base offense level as dictated by the guidelines." *Rodriguez* at 640-41. While the district court agreed that § 5G1.1(b) rendered his acceptance of responsibility adjustment worthless - stating it was like "giving away snow in the winter time[]" - it failed to recognize it had the discretion to reduce the Guideline statutory maximum by three-levels for acceptance of responsibility. *Id.* At 641.

Citing § 5K2.0 and 18 USC § 3553(b), the Eleventh Circuit recognized that "the [Sentencing] Commission failed to consider that § 5G1.1 might operate to negate the § 3E1.1

---

[3] The Eleventh Circuit issued *Rodriguez* prior to *U.S. v. Booker*, 543 U.S. 220 (2005), or when the Guidelines were mandatory and there were limited departures available. Put differently, sentencing variances did not exist. Accordingly, Mr. Nobrega submits this instant objection requesting a downward departure and/or variance from the PSR's *advisory* guideline range.

adjustment and undermine the 'legitimate social interests' served by the adjustment." *Id.* at 643. To justly address the Commission's failure in these circumstances, the Eleventh Circuit held that a sentencing court has the discretion to apply a downward departure for acceptance of responsibility to a statutory maximum sentence imposed under § 5G1.1(a). *Id.* at 643. "Indeed, that § 3E1.1 requires a reduction in offense level for acceptance of responsibility suggest the Commission contemplated that a defendant would always receive some benefit at sentencing for accepting responsibility for his conduct." *Id.* (emphasis added).

When faced with such a unique situation, courts in the District have made a downward adjustment when faced with a Guideline sentence that renders acceptance of responsibility worthless. For example, in *United States v. William Corte* and *Curtis Renie*, No. 11-CR-60123-Dimitrouleas (S.D. Fla. Sept. 9, 2011), the defense asked the Court for the same consideration for the defendants that managed Defendant Scott Rothstein's I.T. department at his law firm. (*Corte*, DE 43,44). In turn, the Court granted a downward adjustment from the advisory 60 month guideline sentence and imposed sentences of 37 months for the two defendants; notably, each defendant had been held responsible for losses of between $50 and $100 million and had pleaded guilty to a conspiracy to commit wire fraud, in violation of 18 USC § 371. (*Corte*, DE 19, 20, 55, 60).

Again, in *United States v. Gladstone*, No. 10-CR-60195-Dimitrouleas (S.D. Fla. June 2, 2011), the District Court granted the same departure request and issued an order reflecting its reliance of *Rodriguez.* (See *Gladstone,* DE 46, 51). Further, in *United States v. George, et al*, 10-80149-CR-MARRA, many of the defendant doctors pled guilty to single count charges that placed them in the same situation. In each of those cases, pursuant to their respective plea agreements,

4

the Government did not oppose their request for downward departure under *Rodriguez* and the Court granted them.

### B. The Court Should Reduce Mr. Nobrega's Guideline Range by Three Levels to an Offense Level 22.

The parties have agreed that §§ 2X1.1 and 2M5.2 of the Sentencing Guidelines apply in this case, and that Mr. Nobrega should receive a 3-level reduction for his timely and complete acceptance of responsibility. As reflected in the PSR, the total offense level is 28, yielding a guideline range of 78 to 97 months. After the 3-level adjustment for acceptance of responsibility, Mr. Nobrega's adjusted total offense level is 25 and his *advisory* guideline range becomes 57 to 60 months, pursuant to § 5G1.(c)(1). However, the statutory maximum sentence Mr. Nobrega could receive for the indicted offense is 60 months. At best, Mr. Nobrega receives a 3-month reduction from the statutory maximum sentence, and not 3-full levels for his acceptance of responsibility.[4] This result is not the intended result of a § 3E1.1 acceptance of responsibility adjustment. Indeed, it nullifies the full benefit that he should receive.

Because offense level 25 provides an advisory range that is tantamount to the maximum possible sentence Mr. Nobrega faces for the indicted offense (60 months), Mr. Nobrega submits that this Court should exercise its discretion and reduce Mr. Nobrega's offense level by 3-levels, from level 25 to level 22. Offense level 22 yields an *advisory* range of 41 to 51 months.

### CONCLUSION

While Federal Rules of Criminal procedure 32(d)(1)(E) requires the PSR to "identify any basis for departing from the applicable sentencing range," the PSR submitted in this case

---

[4] It is noted that *Rodriguez* received no benefit from his acceptance of responsibility under § 5G1.1(a). Here, Mr. Nobrega received 3 months, not 3-levels, under § 5G1.1(c)(1).

erroneously omits the *Rodriguez* discretion of applying a § 3E1.1 adjustment to a Guideline sentence resulting from § 5G1.1(a). For this reason, Mr. Nobrega respectfully objects to the PSR's omission of this pertinent basis of discretion. Furthermore, Mr. Nobrega respectfully submits that this Court should exercise its discretion under *Rodriguez* and adjust his offense level to 22 to properly account for his acceptance of responsibility that the parties agreed warranted a 3-level adjustment.

DATED this 12th of May 2022.                    Respectfully Submitted,

/s/ David W. Macey
David Macey, Esq.
Florida Bar No.: 185612
San Lorenzo Avenue, PH-830
CoralGables, FL 33146
Telephone: (305) 860-2562
Fax: (305) 675-5841
Email:dm@davidmacey.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12th, 2022 a true and correct copy of the foregoing was filed via the Court's electronic filing system through which all counsel of record will receive a copy thereof.

/s/ David W. Macey
David. W. Macey, Esq.
Florida Bar No.: 185612