**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.  21-cr-20442-HUCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **JORGE LUIS NOBREGA RODRIGUEZ,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States hereby files this response in opposition to Defendant Jorge Luis Nobrega

Rodriguez's Objections to the Presentence Investigation Report.

**I.   Background**

On April 28, 2022, the United States Probation Office issued a draft Presentence

Investigation Report ("PSI Report) in which the Probation Office calculated the defendant's

sentencing guideline range as 57-60 months imprisonment.  [DE 37.]  This calculation included a

three-level reduction in offense levels based on the defendant's acceptance of responsibility

pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 3E1.1 and Section 5G1.1(c)

as the crime of conviction had a statutory maximum sentence of 60 months imprisonment.  [*Id.* at

¶¶ 73, 74, and 130.]  On May 12, 2022, the defendant filed an objection to the PSI Report to reduce

the Total Offense Level and sentencing guideline range pursuant to *United States v. Rodriguez*, 64

F.3d 638 (11th Cir. 1995) and U.S.S.G. §§ 5G1.1 and 5K2.0.  [DE 40.]  On May 13, 2022, the

Probation Office issued a revised draft PSI Report with an addendum.  [DE 41-1.]  In the

addendum, the Probation Office distinguished *Rodriguez* due to the fact that the sentencing

guideline range in this current case was not "well beyond" the statutory maximum term of

imprisonment as it was in Rodriguez.  [*Id.* at 3.]  In addition, the Probation Office noted that the

low end of the defendant's sentencing guideline range was below the statutory maximum sentence by three months.  [*Id.*]

## II.  United States' Response to the Objection

The United States opposes the defendant's objection to the PSI Report and requests that the Court overrule the objection.  The United States opposes the motion for several reasons. First, the defendant, as part of the plea negotiations, was allowed to plead guilty to Count 1 of the Indictment which had a statutory maximum term of imprisonment of 60 months as opposed to Counts 2 through 7 of the Indictment each of which carries a statutory maximum term of imprisonment of 240 months imprisonment.  As such, the defendant already received a benefit of having his sentencing guideline range capped at 60 months pursuant to U.S.S.G. § 5G1.1(c) instead of having the high-end of his guidelines range be 71 months.  Second, as the Probation Office noted in the addendum to the revised PSI Report, the defendant's sentencing guideline range straddled the statutory maximum term of imprisonment and was not "well beyond "the statutory maximum term of imprisonment as in *Rodriguez*.  [DE 41-1, at 3.]  Third, as the Probation Office noted in the addendum to the revised PSI Report, the defendant did receive a benefit from the acceptance of responsibility reduction in offense levels pursuant to U.S.S.G. § 3E1.1, in that the low-end of his sentencing guideline range is three months below the statutory maximum term of imprisonment, thus the reduction is not "ineffectual" in this case, as it was in *Rodriguez*.  [*Id.*]; *Rodriguez*, 64 F.3d at 643.

Finally, as the defendant's crime of conviction is a serious offense, the Court should use its discretion and not further reward the defendant's acceptance of responsibility when he has already benefited from his plea agreement and the acceptance of responsibility reduction in calculating his sentencing guideline range.  On March 8, 2015, the President of the United States declared a national emergency, via Executive Order ("EO") 13692, in order to deal with the threat

by the Government of Venezuela to the national security and foreign policy of the United States. 80 Fed. Reg. 12747 (March 8, 2015).The national emergency was declared, in part, because the "Government of Venezuela's erosion of human rights guarantees, persecution of political opponents, curtailment of press freedoms, use of violence and human rights violations and abuses in response to antigovernment protests, and arbitrary arrest and detention of antigovernment protestors, as well as the exacerbating presence of significant public corruption, constitutes an unusual and extraordinary threat to the national security and foreign policy of the United States." *Id.* To implement the national emergency with respect to Venezuela, the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") issued the Venezuela Sanctions Regulations ("VSR"). *See* 31 CFR part 591. The VSR generally prohibit transactions involving any property or interest in property blocked pursuant to EO 13692 or any of its successor EOs, unless OFAC has granted a license under the VSR. *See* 31 C.F.R. §§ 591.101, 591.201-591.202. Since 2019, the President has continued the national emergency with respect to Venezuela and the prior EOs. Among other things, these EOs block the property and interests in property of the Government of Venezuela as well as that of certain individuals designated by the Secretary of the Treasury, Specially Designated Nationals or "SDNs.". On January 28, 2019, OFAC designated Venezuela's state-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA") an SDN pursuant to EO 13850.

Despite the designation of PDVSA as a SDN by OFAC, the defendant continued to receive money from PDVSA for past services rendered without seeking a license to legally do so from OFAC. In addition, to encourage PDVSA to pay him and his company the defendant serviced Venezuelan military aircraft despite the actions of the Government of Venezuela as outlined in EO 13692 by the President of the United States. These actions could have, unbeknownst to the defendant, assisted Venezuelan President Nicolas Maduro in staying in power in Venezuela. *See*

Dr Nan Tian and Dr Diego Lopes da Silva, *The crucial role of the military in the Venezuelan crisis*, Stockholm International Peace Research Institute (Apr. 2, 2019), https://www.sipri.org/commentary/topical-backgrounder/2019/crucial-role-military-venezuelan-crisis (last visited May 18, 2022). As such, the Court should use its discretion to not apply an added acceptance of responsibility reduction as outlined in *Rodriguez*.

### III. Conclusion

Therefore, for the reasons stated above, the United States respectfully requests tha the Court overrule the defendant's objection to the PSI Report.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   */s/ Kurt K. Lunkenheimer*
KURT K. LUNKENHEIMER
Assistant United States Attorney
Court ID No. A5501535
U.S. Attorney's Office - SDFL
99 N.E. 4th Street, Suite 400
Miami, FL 33132-2111
Telephone: (305) 961-9008
Facsimile: (305) 536-4699
Email: Kurt.Lunkenheimer@usdoj.gov